IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas E. WARMINGTON, Attorney at Law.

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Thomas E. WARMINGTON, Respondent-Appellant.

Supreme Court

*No. 1997AP457–D.—Decided September 20, 2011.*

2011 WI 87

(Also reported in 803 N.W.2d 77.)

ATTORNEY reinstatement proceeding. *Attorney's license reinstated.*

¶ 1. PER CURIAM. We review a referee's report recommending that Thomas E. Warmington's license to practice law in Wisconsin be reinstated.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Warmington's license to practice law should be reinstated. We further direct Attorney Warmington to pay the costs of the reinstatement proceedings, which total $3,436.90 as of March 11, 2011.

¶ 3. Attorney Warmington was licensed to practice law in Wisconsin in 1977 and practiced in Brookfield until he closed his practice in November, 1996. On October 1, 1997, his license to practice law was revoked based on five grievance complaints of numerous counts of misconduct including transferring client funds to his own use; failing to properly deliver funds to a client entitled to them; failing to respond to a client's calls and messages regarding her settlement proceeds; failing to hold client funds in a trust account; making misrepresentations to a client concerning receipt of funds belonging to the client; failing to keep a complete record of trust account funds and other trust property; failing to provide competent, diligent, and prompt representation to a client; and failing to respond to numerous letters and telephone calls from the Board of Attorneys Professional Responsibility (BAPR), the predecessor to the Office of Lawyer Regulation (OLR). *In re Disciplinary Proceedings Against Warmington,* 212 Wis. 2d 657, 568 N.W.2d 641 (1997).

¶ 4. Prior to his revocation, Attorney Warmington had been disciplined for professional misconduct on two other occasions. In 1991 he consented to a public

28

reprimand for failing to communicate with clients who had retained him to pursue a medical malpractice action; misrepresenting that he had filed an action; and failing to cooperate in BAPR's investigation of the matter. In 1995 Attorney Warmington consented to a public reprimand for failing to notify a client of his receipt of the client's funds he had collected on the client's behalf; failing to deliver the funds to the client for more than two years; failing to keep the client informed about the status of collection matters and failing to respond to reasonable requests for information from the client; and failing to respond to inquiries from BAPR.

¶ 5. On April 29, 2010, Attorney Warmington filed a petition for reinstatement. The OLR filed a response to the petition on November 10, 2010, and did not oppose the petition for reinstatement. Hannah C. Dugan was appointed referee in the matter. A hearing was held before the referee on January 12, 2011. On February 21, 2011, the referee issued a report recommending that Attorney Warmington's license to practice law in Wisconsin should be reinstated. The referee also recommends that Attorney Warmington be required to pay the full costs of the proceeding.

¶ 6. In her report, the referee noted that during the initial phases of the reinstatement process, Attorney Warmington's cooperation and timeliness in submitting documentation supporting his position seemed somewhat reluctant. The referee said Attorney Warmington eventually did present comprehensive written statements, documents, and testimony which assuaged the referee's concerns about Attorney Warmington's remorse about his misconduct and his attitude towards meeting the professional standards imposed on a member of the Wisconsin bar.

¶ 7. The referee said the testimony of Attorney Warmington's wife, herself a non-practicing attorney, was convincing with respect to Attorney Warmington's current appreciation of meeting professional standards. Mrs. Warmington referenced the difference between her husband's current state regarding meeting responsibilities and his state 14 years ago, and she commented on the diligence with which he has pursued and complied with the medical assistance for health conditions that was asserted as a mitigating factor with respect to his previous failure to perform according to Wisconsin law licensure standards and which resulted in the determination that his license to practice law be revoked.

¶ 8. The referee also noted that during his testimony at the evidentiary hearing, Attorney Warmington adequately explained his failure initially to cooperate with the reinstatement investigation. The referee said Attorney Warmington's testimony included a plan upon reinstatement that seemed to reflect a proper understanding of and attitude towards the standards that are imposed upon members of the bar and his intent to meet them. The referee noted Attorney Warmington's stated intention, if his license to practice is reinstated, is to serve as in-house counsel of a corporation, in which position he would review and negotiate contracts.

¶ 9. The referee noted that Attorney Warmington's prior discipline involved significant misconduct and professional lapses in client communications and failures in meeting professional expectations, particularly in matters of ethical law office management. The referee commented that in his plan for reinstatement of his law license, Attorney Warmington presented a realistic means by which he intends to meet the professional standards required of attorneys. The referee noted that Attorney Warmington stated the work he intends to

pursue does not necessarily require a law license but that having a license is an important credential for him, and it is also an important credential to potential employers. Attorney Warmington said he does not intend to engage in the private practice of law, and the referee said she would be hesitant to recommend reinstatement if Attorney Warmington intended to return to solo private practice.

¶ 10. The referee concluded that Attorney Warmington met his burden of proof by clear and convincing evidence that he has the character to practice law in Wisconsin, that he can act in conformity with the standards imposed by the members of the bar, can be safely recommended to the legal profession, and has complied with the conditions of his revocation and all applicable supreme court rules.

¶ 11. The standard to be met for reinstatement of a law license is provided in SCR 22.31(1).[1] The petitioner has the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's

---

[1] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

31

resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 12.   After careful review of the record, we agree with the referee that Attorney Warmington has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law, and we accept the referee's recommendation to reinstate Attorney Warmington's license to practice law in Wisconsin. Because we share the referee's concern about Attorney Warmington's returning to solo private practice, we find it appropriate to impose conditions upon his resumption of the practice of law. We further direct Attorney Warmington to pay the costs of the reinstatement proceedings.

¶ 13.   IT IS ORDERED that the petition for reinstatement of the license of Thomas E. Warmington to practice law in Wisconsin is granted, effective the date of this order.

¶ 14.   IT IS FURTHER ORDERED that for a period of three years following his resumption of the practice of law, the following conditions shall be imposed upon Thomas E. Warmington's practice of law:

A.   Thomas E. Warmington shall not practice law in a solo private practice.

B.   In the event that Thomas E. Warmington practices law in a partnership or law firm setting, he shall engage in the practice under the direct supervision of a

licensed attorney acceptable to and approved by the Office of Lawyer Regulation. The supervising attorney shall have all the duties generally held by a supervising attorney under SCR 20:5.1(b).

¶ 15. IT IS FURTHER ORDERED that within 180 days of the date of this order, Thomas E. Warmington shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Warmington to practice law in Wisconsin shall be suspended until further order of the court.